**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LARRY DAVIS, RANDY DUNCAN, BRANDON ROBINSON and RAYMOND ROY-PACE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>        Defendant. | Case No. 1:21-CV-2792<br><br>Removed from the State of Indiana, County of Marion, Marion Superior Court<br>Case No. 49D07-2108-CT-027357<br><br>*Jury Trial Demanded* |

**NOTICE OF REMOVAL OF**
**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION**

Defendant National Collegiate Athletic Association (the "NCAA") hereby removes the above-captioned action from Marion Superior Court, County of Marion of the State of Indiana ("Marion Superior Court") to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. In support of this notice, the NCAA states as follows:

**I. JURISDICTION**

1. As set forth below, this Court has original subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), because: (1) Plaintiffs purport to assert this action on behalf of more than 100 putative class members; (2) there is minimal diversity between the parties, such that at least one Plaintiff and the NCAA are citizens of different states; and (3) the aggregate amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d). Removal is proper under 28 U.S.C. §§ 1441, 1446 and 1453.

## II. BACKGROUND AND SUMMARY OF THE COMPLAINT

2. On or about September 13, 2021, Plaintiffs Larry Davis, Randy Duncan, Brandon Robinson and Raymond Roy-Pace commenced this action (the "Action") by filing a putative class action complaint ("Complaint"), on behalf of themselves and all other persons similarly situated, against the NCAA, Case No. 49D07-2108-CT-027357, in Marion Superior Court. A copy of the complete state court record is attached hereto as Exhibit A, and a copy of the Complaint is attached hereto as Exhibit B.

3. In the Complaint, Plaintiffs allege that the NCAA breached a duty to student-athletes by failing to implement proper health and safety policies for protection against the effects of concussions. See Compl., Ex. 2, at ¶¶ 5-8. Based on these allegations, Plaintiffs assert the following causes of action:

    a. Negligence;

    b. Breach of Express Contract; and

    c. Fraudulent Concealment.

Id. at ¶¶ 90-124.

4. Plaintiffs also seek to certify "numerous classes of individuals," each defined to include "[a]ll individuals who have played Football" at one of 780 NCAA member institutions "since 1933 and who have suffered and/or died from Chronic Traumatic Encephalopathy, ALS, Parkinson's Disease, Alzheimer's Disease, Dementia, and/or other neurological disorders or symptoms associated with repetitive head trauma." Compl., Ex. 2, at ¶ 84. In the Complaint, Plaintiffs refer to these classes collectively as "the Class." See id.

5. Plaintiffs seek monetary damages, injunctive relief and declaratory relief on behalf of themselves and other putative class members. See Compl., Ex. 2, at 142.

6. On October 15, 2021, Plaintiffs served a copy of the Summons and Complaint on the NCAA. See Affidavit of Service by Certified Mail and Personal Service, Ex. R.

7. The NCAA has not yet responded to the Complaint in this Action.

### III. NO ADMISSION

8. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this Action, the NCAA assumes as true Plaintiffs' allegations in the Complaint, but the NCAA denies any liability in this case, both as to Plaintiffs' individual claims and as to the claims of the members of the proposed class or classes. In alleging the amount in controversy and other matters in this removal pleading, the NCAA does not concede any liability, damages or any other claims or defenses. The NCAA is only stating what the stakes of litigation could be under Plaintiffs' allegations. As the Seventh Circuit has noted, a removing party's "demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." Brill v. Countrywide Home Loans, 427 F.3d 446, 449 (7th Cir. 2005).

### IV. THIS COURT IS THE PROPER VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1441(a), because the Action was filed in the Marion Superior Court, a court within the Southern District of Indiana.

### V. THIS COURT HAS JURISDICTION UNDER CAFA

10. CAFA vests federal district courts with original jurisdiction over a putative "class action" that meets certain jurisdictional requirements. CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). As a threshold matter, this Action qualifies as a putative "class action" because Plaintiffs seek to certify "numerous classes of individuals,"

each defined to include "[a]ll individuals who have played Football" at one of 780 NCAA member institutions "since 1933 and who have suffered and/or died from Chronic Traumatic Encephalopathy, ALS, Parkinson's Disease, Alzheimer's Disease, Dementia, and/or other neurological disorders or symptoms associated with repetitive head trauma." See Compl., Ex. 2, at ¶ 84.  Although Plaintiffs do not identify the rule pursuant to which they purport to assert their proposed class claims, Indiana Rule of Trial Procedure Rule 23 sets forth Indiana's class action procedure and is analogous to Federal Rule of Civil Procedure Rule 23.  See Ind. R. Trial. Pr. 23; see also Associated Med. Networks v. Lewis, 824 N.E.2d 679, 685 (Ind. 2005); Hefty v. All Other Members of the Certified Settlement Class, 680 N.E.2d 843, 848 (Ind. 1997).

11.    Removal of a class action under CAFA is proper if:  (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(d)(2).  Because all three requirements are readily satisfied in this case, removal under CAFA is appropriate.

### A.    Plaintiffs Assert This Action On Behalf Of More Than 100 Putative Class Members

12.    Plaintiffs assert claims on behalf of themselves and seek to certify "numerous classes of individuals," each defined to include "[a]ll individuals who have played Football" at one of 780 NCAA member institutions "since 1933 and who have suffered and/or died from Chronic Traumatic Encephalopathy, ALS, Parkinson's Disease, Alzheimer's Disease, Dementia, and/or other neurological disorders or symptoms associated with repetitive head trauma." See Compl., Ex. 2, at ¶ 84.  Plaintiffs allege "[u]pon information and belief, thousands of individuals fall into the definition of the Class."  There are thus more than 100 members of the proposed class.  See

Roppo v. Traveler's Com. Ins. Co., 2017 WL 3695205 (7th Cir. 2017) (holding that defendant "may rely on the estimate of the class number set forth in the complaint" to meet its burden of proof with respect to the number of plaintiffs in a class action under CAFA); Hendricks v. Oppenheimerfunds, 2010 WL 3834569, at *1 (C.D. Ill. 2010) (noting "[d]efendants may rely on [plaintiff's] allegations in the Complaint as evidence" to meet jurisdictional requirements).

### B.     There Is Minimal Diversity Among Plaintiffs And The NCAA

13.     CAFA requires only that "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.     Plaintiff Larry Davis is alleged to be a citizen of the State of Virginia. See Compl., Ex. 2, at ¶ 9. Plaintiff Randy Duncan is alleged to be a citizen of the State of Texas. See id. at ¶ 10. Plaintiff Brandon Robinson is alleged to be a citizen of the State of Minnesota. See id. at ¶ 11. Plaintiff Raymond Roy-Pace is alleged to be a citizen of the State of Pennsylvania. See id. at ¶ 12.

15.     At the time of the filing of the Complaint and at all times since, the NCAA was and is an unincorporated association with its principal place of business located at 700 West Washington Street, Indianapolis, Indiana 46206. The NCAA is not organized under the laws of any State, but is registered as a tax-exempt organization with the Internal Revenue Service. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." See 28 U.S.C. § 1332(d)(10); see also Bond v. Veolia Water Indianapolis, 571 F. Supp. 2d 905, 909 (S.D. Ind. 2008).

16.     The NCAA is a citizen of Indiana for purposes of determining CAFA jurisdiction.

17.     Because there is minimal diversity among Plaintiffs and the NCAA under CAFA, CAFA's minimal diversity requirement is satisfied. See 28 U.S.C. § 1332(d)(2).

### C.    The Amount In Controversy Exceeds Five Million Dollars

18.    An action is removable under CAFA when "the amount in controversy exceeds the sum or value of $5,000,000 . . . ." 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated . . . ." Id. § 1332(d)(6).

19.    Where (as here) the Complaint does not specify a particular amount in controversy, the Seventh Circuit applies a preponderance of the evidence standard to determine whether removal is appropriate. See, e.g., Oshana v. Coca-Cola, 472 F.3d 506, 511 (7th Cir. 2006) ("In such a case [where plaintiffs provide little evidence about the value of their claims], a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."). A removing party thus "must establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" Smith v. Am. Gen. Life & Acc. Ins. Co., 337 F.3d 888, 892 (7th Cir. 2003) (citation omitted). "This burden thus 'is a pleading requirement, not a demand for proof.'" Blomberg v. Serv. Corp. Int'l, 639 F.3d 761, 763 (7th Cir. 2011) (quoting Spivey v. Vertrue, 528 F.3d 982, 986 (7th Cir. 2008)). Where a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87-88 (2014).

20.    Plaintiffs allege that "[u]pon information and belief, thousands of individuals fall into the definition of the Class." See Compl., Ex. 2, at ¶ 85. Plaintiffs further purport to seek certification of classes of individuals who played football at 780 NCAA member institutions from 1933 to present who allegedly have suffered, among other things, any "neurological disorders or symptoms associated with repetitive head trauma." See id. at ¶ 84. Assuming that the proposed

6

Class includes just five players from each of the 780 member institutions identified in the Complaint, the proposed Class would contain 3,900 members.

21. Plaintiffs further seek damages from the NCAA, including "damages for past, present, and future medical expenses, other out of pocket expenses, lost time and interest, lost future earnings, and all other damages suffered, including any future damages likely to be incurred by Plaintiffs and the Class." See Compl., Ex. 2, at 142. Assuming at minimum the proposed Class contains 3,900 members, the amount in controversy for the putative class exceeds $5,000,000, and therefore meets the jurisdictional requirements, so long as each putative class member on average claimed $1,283 in damages for past, present and future medical expenses and lost earnings resulting from alleged "Chronic Traumatic Encephalopathy, ALS, Parkinson's Disease, Alzheimer's Disease, Dementia, and/or other neurological disorders or symptoms associated with repetitive head trauma." See id. at ¶ 84. Given the broad scope of damages sought, it is likely each putative class member would claim significantly more than $1,283. Indeed, there are eleven individual bodily injury cases that have been filed against the NCAA by former student-athletes alleging damages resulting from alleged head impacts sustained playing college football in which the plaintiffs have alleged some amount of minimum damages. In those cases, the plaintiffs have alleged minimum damages in excess of between $5,000 and $15,000,000. See Exhibits C-M. [1]

---

[1] Ex. A, Amended Complaint at 39, Schmitz v. NCAA et al., No. CV 14 834486 (Court of Common Pleas Cuyahoga County, Ohio, Jan. 22, 2015); Ex. B, Complaint at 8, Askin v. University of Notre Dame, Du Lac, et al., No. 19CI01063 (Commonwealth of Kentucky, 30th Judicial District, Jefferson County Circuit Court, Feb. 15, 2019); Ex. C, First Amended Complaint at 29, Moala v. The Regents of the University of California, et al., No. 19STCV18694 (Superior Court of the State of California, County of Los Angeles, Sept. 13, 2019); Ex. D, Complaint at 19, Elliott v. NCAA, et al., No. 19CV008583 (Common Pleas Court of Franklin County, Ohio, Oct. 24, 2019); Ex. E, Complaint at 74, Gera v. NCAA, No. CV20928388 (Court of Common Pleas Cuyahoga County, Ohio, Jan. 24, 2020); Ex. F, Complaint at 19, Davis v. NCAA, No. CC-20-01121-D (County Court of Dallas County, Texas, March 3, 2020); Ex. G, Complaint at 1, Kennedy v. NCAA, No. CC-20-02484-E (County Court of Dallas County, Texas, June 2, 2020); Ex. H, Complaint at 1, Whittier

22. Moreover, Plaintiffs' counsel in this case have filed hundreds of similar putative class action cases against the NCAA in federal court, each on behalf of proposed classes of football players who played football at a single NCAA member institution from 1952-2010. See, e.g., Compl. (Dkt. 1), Richardson v. NCAA, Case No. 1:16-cv-02342 (S.D. Ind.) ("Richardson Compl."), Ex. M hereto; Compl. (Dkt. 1), Weston v. NCAA, Case No. 1:17-cv-1883 (S.D. Ind.) ("Weston Compl."), Ex. N hereto; Am. Compl. (Dkt. 98), Langston v. NCAA, Case No. 1:17-cv-04978 (S.D. Ind.) ("Langston Am. Compl."), Ex. L hereto. Copies of samples of those complaints are attached at Exhibits L, M and N. As demonstrated in the sample complaints in those cases, the plaintiffs in those cases (as in this case) generally allege that they suffer from various neurological and cognitive issues and emotional distress, purportedly as a result of concussions they claim to have sustained playing college football and assert claims for, among other things, negligence, breach of express contract and fraudulent concealment. See, e.g., Richardson Compl., Ex. M, at ¶¶ 91-126; Weston Compl., Ex. N, at ¶¶ 84-107; Langston Am. Compl., Ex. L, at ¶¶ 90-114. In each of those cases, however, the sole basis for federal jurisdiction is alleged to be 28 U.S.C. § 1332(d)(2), and the amount in controversy is alleged to be greater than $5,000,000. See, e.g., Richardson Compl., Ex. M, at ¶ 12; Weston Compl., Ex. N, at ¶ 12; Langston Am. Compl., Ex. L, at ¶ 12. Specifically, the plaintiffs allege damages exceeding $5,000,000 for "past, present, and future medical expenses, other out of pocket expenses, lost time and interest, lost future earnings,

---

v. NCAA, No. CC-20-02912-C (County Court of Dallas County, Texas, June 30, 2020); Ex. I, Petition at 3, Dixon v. Riddell, et al., No. DC-20-10247 (District Court, I-162nd Judicial District, Dallas County, Texas, July 28, 2020); Ex. J, Complaint at 63, Campion v. NCAA, et al., No. 27-CV-21-10480 (District Court, Fourth Judicial District, State of Minnesota, Aug. 25, 2021); Ex. K, Complaint at 53, Berton v. NCAA, No. 210900168 (First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia, Sept. 3, 2021)

and other damages." See, e.g., Richardson Compl., Ex. M, at 34; Weston Compl., Ex. N, at 30; Langston Am. Compl., Ex. L, at 32.

23. In this case, where Plaintiffs seek to represent proposed classes of individuals who played football at 780 NCAA member institutions, the amount in controversy is easily satisfied. See Blomberg, 639 F.3d at 763-64 (holding complaint filed in Virginia federal district court case that alleged CAFA jurisdiction was satisfied, made similar allegations against the same defendant and had identical proposed class definition was "useful" evidence that plausibly showed amount in controversy exceeded $5,000,000); Composite Co. v. Am. Int'l Grp., 988 F. Supp. 2d 61, 74-75 (D. Mass. 2013) (holding defendants showed CAFA's amount in controversy requirement was satisfied by citing South Carolina federal district court complaint "filed by the same counsel against the same defendants" that "assert[ed] similar claims predicated upon similar alleged conduct [and] contain[ed] an explicit amount-in-controversy estimate exceeding $5 million"); see also, e.g., Brill, 427 F.3d at 449 (removal may be based on what Plaintiffs are "claiming" and "not whether plaintiff is likely to win or be awarded everything he seeks").

24. Assuming the truth of the allegations in the Complaint, there is more than $5,000,000 in controversy, as required for removal by 28 U.S.C. § 1332(d)(2). See Blomberg, 639 F.3d at 764 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

25. Removal of this action is proper under 28 U.S.C. §§ 1441, 1446 and 1453, because the requirements for CAFA jurisdiction under Section 1332(d) are satisfied for the NCAA.

## VI. THE NCAA HAS COMPLIED WITH ALL THE PREREQUISITES FOR REMOVAL

26. This Notice of Removal is timely, because it was filed within 30 days of service. See 28 U.S.C. § 1446(b). The NCAA was served with the Summons and Complaint on October 15, 2021. See Ex. R.

27. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibit A is a true and correct copy of the Complaint and all process, pleadings, orders and other documents on file in the state court. See Ex. 1. The NCAA has not filed an answer or other response to the Complaint in the Marion Superior Court prior to removal and is not aware of any currently pending motions in that court.

28. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies hereof will be sent to Plaintiff's' counsel and filed with the Clerk of the Court in the Marion Superior Court. The NCAA will also file proof of filing this Notice of Removal with the Clerk of the Marion Superior Court and proof of service on all adverse parties.

29. The NCAA reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure Rule 12. In the event Plaintiffs file a motion to remand or the Court considers remand sua sponte, the NCAA respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, the NCAA removes this case from the Marion Superior Court to the United States District Court for the Southern District of Indiana.

Date: November 3, 2021

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By */s/ Patrick H. Reilly*
   Andrea Roberts Pierson (#18435-49)
   Patrick H. Reilly (#28739-49)
   Bianca M. Eddy (#35911-49)
   300 North Meridian Street, Suite 2500
   Indianapolis, IN 46204
   (317) 237-0300
   Andrea.Pierson@faegredrinker.com
   Patrick.Reilly@faegredrinker.com
   Bianca.Eddy@faegredrinker.com

*Attorneys for the defendant, National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 3, 2021, a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, and was served by prepaid, First Class United States mail and by e-mail, on:

| | |
|---|---|
| Robert T. Dassow (IN Bar No. 15145-64)<br>Tyler J. Zipes (IN Bar No. 35-081-49)<br>HOVDE DASSOW & DEETS, LLC<br>10201 North Illinois Street, Suite 500<br>Indianapolis, Indiana  46290<br>Telephone: (317) 818-3100<br>Facsimile: (317) 818-3111<br>Email: rdassow@hovdelaw.com<br>           tzipes@hovdelaw.com | Jay Edelson<br>Benjamin H. Richman<br>EDELSON PC<br>350 North LaSalle Street, 14th Floor<br>Chicago, Illinois  60654<br>Telephone: (312) 589-6370<br>Facsimile: (312) 589-6378<br>Email: jedelson@edelson.com<br>           brichman@edelson.com |
| Rafey S. Balabanian<br>Todd Logan<br>Brandt Silver-Korn<br>EDELSON PC<br>150 California Street, 18th Floor<br>San Francisco, California 94111<br>Telephone: (415) 212-9300<br>Facsimile: (415) 373-9435<br>Email: rbalabanian@edelson.com<br>           tlogan@edelson.com<br>           bsilverkorn@edelson.com | Jeff Raizner<br>RAIZNER SLANIA LLP<br>2402 Dunlavy Street<br>Houston, Texas 77006<br>Telephone: (713) 554-9099<br>Facsimile: (713) 554-9098<br>Email: efile@raiznerlaw.com |

*/s/ Patrick H. Reilly*